**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALEX MOROCHO MOROCHO, | Civil Action No. 26-8033 (ZNQ) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| WARDEN, DELANEY HALL DETENTION FACILITY, | |
| Respondent. | |

**QURAISHI, District Judge**

This matter comes before the Court on *pro se* Petitioner Alex Morocho Morocho's habeas petition (ECF No. 1) challenging his ongoing immigration detention.  Following an order to answer, the Government filed a response to the petition.  (ECF No. 7.)  Petitioner did not file a reply.  For the following reasons, the petition is granted, and Petitioner shall be released.

Petitioner is a native and citizen of Ecuador.  After two failed attempts at entering the United States which resulted in Petitioner's voluntary return to his home country in 2002 and 2021, Petitioner crossed the southern border without admission, inspection or parole at some point after August 2021.  (*See* ECF No. 7-1 at 3-4; ECF No. 1-1 at 1.)  Petitioner thereafter resided with his brother in New Jersey for some time before he was arrested by immigration officials on June 25, 2026, during a targeted enforcement operation.  (ECF No. 7-1 at 3; ECF No. 1-1 at 1.)  Petitioner has been detained without a bond hearing by immigration officials in Delaney Hall since that time. (ECF No. 7-1 at 3-4.)  Petitioner has no criminal history.  (ECF No. 1-1 at 1; ECF No. 7-1 at 3-4.)

In his habeas petition, Petitioner argues that his current detention is unlawful.  (*See* ECF No. 1.)  The Government argues in its response to this Court's Order to Show Cause that Petitioner

1

is lawfully detained as an applicant for admission under 8 U.S.C. § 1225(b)(2). (*See* ECF No. 7.) The Government recognizes, however, that its position is not meaningfully distinguishable from the many cases in which this Court has found that § 1225(b)(2) does not apply to aliens who have resided within the United States for a period of time after crossing the border without being admitted, inspected, or paroled. *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026). As Petitioner clearly falls into this category as he is an alien who entered the United States without admission or inspection and remained in the United States for a period of time prior to being taken into custody, he may not be held under 8 U.S.C. § 1225(b)(2). *See, e.g., Valerio*, 2025 WL 3251445, at *3. Petitioner's continued mandatory detention under § 1225(b)(2) is therefore unlawful. *Id*. Petitioner's habeas petition shall therefore be granted.

Turning to the question of the appropriate relief, the Government argues that the Court should provide Petitioner only with the bond hearing to which he would have been entitled had he been taken into custody under 8 U.S.C. § 1226(a). *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk or danger). Notwithstanding that Petitioner may be subject to the provisions 8 U.S.C. § 1226(a) if properly taken into custody under that statute in the future, the Government did not take Petitioner into custody under § 1226(a), nor has it provided Petitioner with the procedural protections available to aliens under § 1226(a), including a proper bond hearing at which release on bond is a live possibility. As this Court has explained,

> It is not incumbent upon the Court to fix the Government's flawed application of § 1225(b)(2) by converting Petitioner's detention into a potentially lawful alternate form under a different statute with different procedural requirements and rules.  This is especially so in light of the Government's . . . continued employment of an oft rejected legal position.  *See Hueso*, 2026 WL 539271, at *3-4.  Because the Government has only sought to detain Petitioner under 8 U.S.C. § 1225(b)(2), and he is clearly not subject to detention under that statute, and as that statute clearly does not apply to Petitioner, the Government [must] release Petitioner from custody immediately.

*Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026).

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall release Petitioner immediately.  An order consistent with this Memorandum Opinion will be entered.

Date: July 16, 2026

s/ Zahid N. Quraishi

**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

3